### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | In Proceedings Under Chapter 11 |
| ) | |
| FARMLAND INDUSTRIES, INC., et al., ) | Case No. 02-50557-JWV |
| ) | Joint Administration |
| Debtors. ) | |
| ) | |
| J.P. MORGAN TRUST CO., N.A., as Trustee ) | |
| of the FI Liquidating Trust and the Liquidating ) | |
| Trust, ) | |
| Plaintiffs, ) | |
| v. ) | Adversary Proceeding No. 04-4781 |
| ) | |
| CENTRAL LOUISIANA ELECTRIC CO., INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

On December 2, 2004, the Defendant, Central Louisiana Electric Co., Inc. ("CLE"), filed a motion pursuant to Fed. R. Bank. P. 7087 and 28 U.S.C. § 1412 to transfer venue of this adversary proceeding to the District Court for the Western District of Louisiana, Alexandria Division. As of the date of this order, the Plaintiffs, J.P. Morgan Trust Co., N.A., as Trustee of the FI Liquidating Trust and the Liquidating Trust (collectively, "FI Liquidating Trust") had not filed a response.

In light of the legal merit of CLE's motion and the absence of a response refuting any of CLE's factual assertions, the motion to transfer venue will be granted. However, in the interest of judicial economy and in appreciation of the fact that most preference cases settle before trial, the Court will delay the transfer of venue until the close of discovery.

Rule 7087 provides that, upon motion and a hearing, a bankruptcy court may transfer an adversary proceeding to another district pursuant to 28 U.S.C. § 1412. Fed. R. Bank. P. 7087. The Court may dispense with the hearing requirement where notice of the motion is properly given and

a hearing is not timely requested by a party in interest. 11 U.S.C. § 102(1). In this case, CLE properly gave notice of its motion and no hearing has been requested, so the Court will rule on CLE's motion without a hearing.

As a general matter, the venue in which the bankruptcy case is pending is presumed to be proper for related adversary proceedings because the speedy and economic administration of cases is a paramount consideration in the bankruptcy process.[1] Section 1412, however, provides that a district court may transfer a case or proceeding under title 11 to a district court for another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Therefore, in an effort to balance the inconveniences and hardships which normally arise whenever a change of venue is contemplated, courts have developed several factors that may be considered when ruling on such a motion. These factors include:

(1) the proximity of necessary witnesses;

(2) the relative ease of access to proof, especially documentary evidence;

(3) the economic and efficient administration of the estate; including the ability of the trustee to litigate similar claims in the same forum with the same counsel;

(4) the location of assets;

(5) the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses;

(6) the enforceability of judgment;

(7) the relative advantages and obstacles to a fair trial; and

---

[1] *Nixon Machinery Co. v. Roy Energy, Inc.* (*In re Nixon Machinery Co.*), 27 B.R. 871, 873 (Bankr. E.D. Tenn.1983). *See also*, *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc.* (*In re Windsor Communications Group, Inc.*), 53 B.R. 293, 296 (Bankr. E.D. Pa.1985) (indicating that there is a strong presumption in favor of placing venue in the district where the bankruptcy case is pending.)

(8) the inability of a party to defend or prosecute in the new forum.

10 *Collier on Bankruptcy* ¶ 7087.02, p. 7087-3 to 7087-5 (Lawrence P. King et al. EDS., 15th rev. ed. Matthew Bender 2003).  *See also*, *In re Vital Link Lodi, Inc.,* 240 B.R. 15, 19 (Bankr. W.D. Mo.,1999) (listing similar factors).

Upon consideration of the unopposed representations in CLE's motion and the foregoing guidelines, the Court finds the factors in favor of a transfer to the Western District of Louisiana outweigh the factors against.  Therefore, it is

**ORDERED** that venue for the above-captioned adversary proceeding shall be transferred to the District Court for the Western District of Louisiana, Alexandria Division, upon the completion of discovery.

**SO ORDERED** this 30th day of December 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
electronically or conventionally to:
Laurence M. Frazen
Cynthia Dillard Parres
Tammie E. McVey
Stephen D. Wheelis